**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:22-cr-10 |
| vs. | : | Judge Timothy S. Black |
| DELOVE KOFI AMUZU, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION**
**FOR LEAVE TO APPEAL OUT OF TIME**

This case is before the Court on Defendant's *pro se* motion for leave to file a Notice of Appeal after the expiration of the deadline, the Government's response in opposition, and Defendant's reply. (Docs. 42, 43, 45).

On February 2, 2024, Defendant Delove Kofi Amuzu appeared before this Court and entered a plea of guilty to Count 7 of the Indictment, charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Min. Entry, Feb. 2, 2024). Specifically, Defendant entered his plea pursuant to a Rule 11(c)(1)(A) plea agreement, in exchange for which the Government agreed to dismiss all remaining counts of the Indictment. (Doc. 25).[1] Defendant's offense of conviction carried a maximum possible sentence of 20 years imprisonment, up to three years of supervised release, a fine of up to $500,000 or twice the gross gain or loss resulting from the offense, forfeiture,

---

[1] The remaining counts of the Indictment were as follows: conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-4); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 5-6); and money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B) (Counts 8-10). (Doc. 8).

restitution, and a mandatory $100 special assessment. (*Id*. at 2, ¶ 3).[2] Pursuant to the plea agreement, Defendant's ultimate sentence remained in the Court's sole discretion. (*Id*. at 4, ¶ 13). Additionally, Defendant waived his right to appeal or collaterally attack either his conviction or sentence, as well as his right to seek a sentencing reduction under 18 U.S.C. § 3582(c)(1)(B) or (c)(2). (*Id*. at 4, ¶ 10).

On June 12, 2024, this Court sentenced Defendant to, *inter alia*, a term of seventy-eight months imprisonment, followed by three years of supervised release, and payment of restitution. (Doc. 38). As required, at the time of sentencing, the Court advised Defendant of his right to appeal, and instructed Defendant's retained counsel, Brandon Moermond, Esq., to assist Defendant in filing a Notice of Appeal, should Defendant choose to do so. (*See* Min. Entry, Jun. 12, 2024). Defendant's Judgment of Conviction was entered on June 20, 2024, thereby starting his 14-day window to file a Notice of Appeal. (Doc. 38; Fed. R. App. P. 4(b)(1)(A)(i)). However, Defendant did not file a Notice of Appeal, and the time to do so expired on Monday, July 8, 2024.[3]

On November 4, 2024, Defendant filed the instant *pro se* motion seeking leave to appeal, which motion is dated October 8, 2024. (Doc. 42). Specifically, Defendant alleges that "[i]mmediately after [his] sentencing," both he and his father informed

---

[2] 18 U.S.C. § 1956(a)(2)(B), (h); 18 U.S.C. § 3583(b)(2); 18 U.S.C. § 982; 18 U.S.C. § 3663A; 18 U.S.C. § 3013(a)(2).

[3] The true expiration of Defendant's 14-day deadline was a legal holiday (Thursday, July 4, 2024) and the courthouse was closed the following day as well (Friday, July 5, 2024). Thus, Defendant's Notice of Appeal would have been timely if submitted the following Monday, July 8, 2024. Fed. R. App. P. 26(a)(1)(C).

2

defense counsel, Mr. Moermond, that Defendant wished to appeal. (*Id*.) Defendant further alleges that he first became aware no appeal was filed on August 15, 2024. (*Id*.) In support of his motion, Defendant attaches an affidavit from his father. (*Id*. at 2-3). Defendant's reply brief also includes emails, which emails Defendant believes support his position. (Doc. 45 at 3-5). The Government opposes Defendant's motion, arguing that Defendant's appellate deadline has expired, and that the Federal Rules of Appellate Procedure do not permit the deadline to be extended beyond 44 days after entry of Defendant's Judgment. (Doc. 43).

Pursuant to Fed. R. App. P. 4(b)(1)(A)(i): "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after … the entry of either the judgment or the order being appealed[.]" However, "[u]pon a finding of excusable neglect or good cause, the district court may … extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

Here, there is no question that Defendant's motion was filed well-past the allotted deadlines. As previously stated, Defendant's deadline to file a Notice of Appeal expired on July 8, 2024. And, pursuant to Rule 4(b)(4), this Court could have extended that date by 30 days only, *i.e.*, until August 7, 2024. Thus, even if this Court were to assume that Defendant's motion was actually mailed on October 8, 2024, the motion would still be two months past the longest extension this Court could have given.

Additionally, regardless of the deadline, this Court finds that Defendant's motion is not well-taken because Defendant fails to show either excusable neglect or good cause,

3

as required under Rule 4(b)(4). Specifically, Defendant argues that the extension is warranted because his attorney allegedly disregarded timely instructions to file a Notice of Appeal on Defendant's behalf. However, the evidence Defendant submits contradicts this assertion.

To start, it bears reiterating that Defendant claims to have learned of the alleged error on August 15, 2024, but offers no explanation as to why he waited until October (at least) to bring the matter to the Court's attention. The Court finds it incredible that Defendant would not have acted with greater urgency if he had, indeed, suddenly learned that no appeal was filed on his behalf, despite his timely instructions.

The Court further notes that Defendant's email communications with his counsel belie the assertion that Defendant believed a Notice of Appeal had been filed on his behalf. Specifically, Defendant claims in his reply brief that, upon arriving at his designated BOP facility on August 10, 2024, he "immediately sent an email to [Mr. Moermond] <u>asking for an update on [the] previous instruction to file the Notice of Appeal</u>." (Doc. 45 at 1) (emphasis added). Defendant further alleges that it was not until receiving Mr. Moermond's response on August 15, 2024 that Defendant learned no appeal was filed. (Doc. 42 at 1). However, Defendant's actual emails, included as attachments to his reply brief, undermine Defendant's claims.

Specifically, in his August 10, 2024 email to Mr. Moermond, Defendant does <u>not</u> inquire about the status of an appeal that he believed was pending. Rather, the <u>entirety</u> of Defendant's email reads as follows: "Hello Good Afternoon[.] [I] wanted you to file a notice to appeal my conviction and sentence and many other issues[.] Thank you[.]"

4

(Doc. 45 at 3). Thus, in his August 10, 2024 email, Defendant is <u>not</u> asking for the status of his appeal, but rather is expressing his desire to file a Notice of Appeal (one month after the deadline).

Additionally, Defendant sent a follow-up email to counsel on August 14, 2024, in which Defendant asks his attorney to "explain the issue with [the] case that prevents us from filling the appeal." (*Id*. at 4). As evidenced by this statement, Defendant knew on August 14, 2024 that no appeal was filed. This, in turn, contradicts Defendant's assertion that he only learned his appeal was not filed when Mr. Moermond emailed him on August 15, 2024. (Doc. 42 at 1) ("On August 15, 2024, I finally received an email from Mr. Moermond where I learned that he has not file[d] a Notice to Appeal on my behalf as my father and I had requested him to do so in multiple occasions").

Finally, while Defendant now claims that his counsel disregarded repeated instructions to file a notice of appeal, none of Defendant's emails to his attorney make any mention of these alleged instructions. That is, while the emails discuss consultations between counsel and Defendant (or, more specifically, Defendant's father) regarding appellate options, there is absolutely no mention or indication that Defendant previously asked for a Notice of Appeal to be filed or that Defendant believed an appeal had been filed on his behalf. For instance, Defendant never asks why a Notice of Appeal was not filed, nor does he confront his attorney about the alleged failure to file a notice.

In short, the Court finds Defendant's allegations incredible. Accordingly, Defendant fails to evidence either excusable neglect or good cause to support an extension of the appellate deadline.

Based upon the foregoing, Defendant's motion to file a Notice of Appeal out of time is **DENIED**.  (Doc. 42).

**IT IS SO ORDERED.**

Date:  6/5/2025                                                                                             *s/ Timothy S. Black*
                                                                                                      Timothy S. Black
                                                                                                      United States District Judge